# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 01-44 |
| | ) | Judge Nora Barry Fischer |
| ARTHUR MURRAY, | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

Arthur Murray ("Defendant") is a federal prisoner serving a two-year sentence for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and for uttering counterfeit obligations or securities in violation of 18 U.S.C. § 472, at Counts 1s and 4s of the Superceding Indictment in this case. (Docket Nos. 60, 85, 86). Over seven years after sentencing,[1] he filed a motion to "correct" his sentence, citing FED. R. CR. P. 36, which concerns clerical mistakes in a judgment. (Docket No. 90). Specifically, Defendant seeks to have the judgment corrected to "reflect the fact that [Defendant] received credit for time served while detained in this case." (Docket. No. 90 at 1). For the reasons stated below, Defendant's motion [90] is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2001, a Grand Jury returned an indictment naming Defendant and three co-

---

[1] Defendant avers that he has spent the intervening period in state custody, serving seven years imprisonment on a state charge, and was only placed in federal custody on February 24, 2010. (Docket No. 90 at 2).

1

conspirators, charging him with four counts related to a counterfeiting conspiracy.[2]  (Docket No. 1).

A warrant was issued for his arrest on March 28, 2001, he was arrested in the Southern District of

Ohio on June 8, 2001, and his arraignment and initial appearance was held before a Magistrate Judge

in this district on June 28, 2001.  (Docket Nos. 28-29).  Defendant states in the present motion that

this arrest took place when he was already in state custody, having been "arrested on state charges

on or about May 22, 2001, for Possession of Drugs."[3]  (Docket No. 90 at 1).  At his arraignment,

Defendant pled not guilty and waived his right to a detention hearing, and the Magistrate Judge

ordered that he be detained.  (Docket Nos. 29, 31).

    A Superseding Indictment was returned on November 1, 2001, charging Defendant with four

counts related to the counterfeiting conspiracy.[4]  (Docket No. 60.)  The next day, he was arraigned

and pled not guilty before a Magistrate Judge in this District.  (Docket No. 61).  Eventually,

Defendant pled guilty to two counts of the Superseding Indictment on April 9, 2002, pursuant to a

---

[2]

    Defendant was charged with conspiracy in violation of 18 U.S.C. § 371 at Count 1,
Transportation of Counterfeit Securities and Aiding and Abetting in violation of 18 U.S.C. §§ 2314
and 2 at Count 2, Receipt of Counterfeit Securities and Aiding and Abetting in violation of 18 U.S.C.
§§ 2315 and 2 at Count 3, and Possession of Counterfeit U.S. Obligations in violation of 18 U.S.C.
§ 472, at Count 9.  (Docket Nos. 1, 2)

[3]

    Defendant also states that he was arrested by the Federal Marshal on June 14, 2001 (Docket
No. 90 at 2), but the record indicates that June 14, 2001 was the date of his removal to this District
from the Southern District of Ohio, where he was arrested, not the date of his original arrest.
(Docket No. 26).

[4]

    The Superseding Indictment charged Defendant with Conspiracy in violation of 18 U.S.C.
§ 371 at Count 1s, Transportation of Counterfeit Securities and Aiding and Abetting in violation of
18 U.S.C. §§ 2314 and 2 at Count 2s, Receipt of Counterfeit Securities and Aiding and Abetting in
violation of 18 U.S.C. §§ 2315 and 2 at Count 3s, and Possession of Counterfeit U.S. Obligations
in violation of 18 U.S.C. § 472, at Count 4s.  (Docket No. 60).

Plea Agreement with the government.  (Docket No. 82).  On July 2, 2002, a sentencing hearing was held (Docket No. 85), and a Judgment entered committing Defendant to the custody of the United States Bureau of Prisons for 24 months each as to Counts 1s and 4s of the Superseding Indictment, to be served concurrently.   (Docket No. 86).   The remaining counts against Defendant were dismissed.  (*Id.*).

In his present motion, Defendant avers that he then "remained in federal custody up until February 2003 before [he was] returned back to state custody."  (Docket No. 90 at 2).  He does not state why he was returned to state custody in February 2003.  He does state that "[w]hile in state custody [he] received seven (7) years" and that "[a]fter completing said sentence [he] was returned back to federal jurisdiction for the remainder of his federal sentence on 2-24-10 at Federal Correctional Institution (FCI) Terre Haute."  (*Id.*)

Defendant then filed the instant Motion to Correct Judgment Pursuant to Fed. R. Crim P. 36 (Docket No. 90), petitioning the Court to correct the supposed "clerical error" in the judgment entered against him on July 25, 2002 to reflect that he should "receive credit for time served from June 14, 2001 to February 2002." (Docket No. 90).  The government filed a Response to the motion on April 13, 2010.  (Docket No. 92).


**ANALYSIS**

Federal Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  It is related to, but

distinct from FED R. CR. P. 35(a), the other rule by which courts can correct errors.[5]  The two rules

differ in three basic ways: 36 allows corrections to the "judgment, order, or other part of the record"

while 35(a) allows corrections to the sentence itself; 36 applies only to clerical errors and errors

arising from oversight or omission, while 35(a) applies to substantive errors in law or the application

of the Sentencing Guidelines; and 36 can be invoked "at any time," while 35(a) may be used only

within fourteen days of sentencing.  Fed. R. Cr. P. 35(a), 36; *United States v. Smalley*, 517 F.3d 208,

212-23 (3d Cir. 2008) (comparing Rules 35(a) and 36, prior to the 2009 amendment to Rule 36

extending the time period from seven days to fourteen days after sentencing).  Given that Defendant

seeks to "correct" the judgment, not the sentence, and that more than 14 days have passed since his

sentencing, he correctly sought to avail himself of Rule 36.  Rule 35(a) would not apply.

However, Rule 36 applies only to clerical errors in the judgment or order, or to errors of

omission in the record, not to substantive changes to the judgment.  *United States v. Bennett*, 423

F.3d 271, 278 (3d Cir. 2005).  An order granting a motion under Rule 36 cannot change the crediting

of time served which Defendant seeks to "correct."  *U.S. v. Mares*,  868 F.2d 151, 151-152 (5th

Cir.1989) ("A claim for time served prior to the date of a federal sentence is not cognizable in a

proceeding pursuant to Fed.R.Crim.P. 36. The claimant must instead proceed via a petition for

habeas corpus under 28 U.S.C. § 2241.").  "A clerical error involves a failure to accurately record

a statement or action by the court or one of the parties." *Bennett*, 423 F.3d at 277-78 (internal

quotation omitted).  "[A] clerical error must not be one of judgment or even misidentification, but

merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."

---

[5]Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence
that resulted from arithmetical, technical, or other clear error." FED. R. CR. P. 35(a).

4

*United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir.1987).

Nothing in the record indicates, and Defendant does not even aver any facts to suggest, that the judgment's silence as to credit for time served is a clerical error. Nothing intimates that the sentencing court intended to or actually did address the issue orally at sentencing, or that it was inadvertently not included in the judgment. To the contrary, Defendant pled guilty, pursuant to a Plea Agreement signed April 2, 2002, which also makes no mention of credit for time served. (Docket No. 82-1). Therefore, the judgment's silence on the issue of credit for time served is not a clerical error to be remedied by Rule 36. *Cf. United States v. Bennett*, 423 F.3d 271, 281 (3d Cir. 2005)(upholding district court's amending of a sentence under Rule 36 three years after sentencing, to add an order of forfeiture, when "(1) the parties stipulated to the forfeiture; (2) a preliminary order of forfeiture was issued; and (3) the omission of the final order of forfeiture resulted from an organizational failure, not a legal error.").

Furthermore, even if the sentencing court *had* addressed the issue of credit for time served in the judgment (or if this Court were to "correct" the judgment to address the issue), any such statements would be purely advisory. Under 18 U.S.C. § 3568, the Attorney General, through the Bureau of Prisons, calculates and credits a prisoner for time served. *United States v. Wilson*, 503 U.S. 329 (1992).

Thus, Rule 36 is not the appropriate avenue for Defendant to challenge the Bureau of Prisons' calculation of the time for which he is allegedly to be credited. A petition for habeas corpus under 28 U.S.C. § 2241 is. *See Queen v. Miner*, 530 F.3d 253, 255, n.2 (3d Cir. 2008)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge that affects the fact or duration of confinement must be brought in a habeas petition)). However, this Court lacks the jurisdiction to hear such a

5

claim, which Defendant must bring in the district where he is incarcerated, in this case the Southern District of Indiana where the Terre Haute Federal Correctional Institution is located. *Russell v. Levi*, 229 Fed.Appx. 110, 111 (3d Cir. 2007)(citing *Yi v. Maugans* 24 F.3d 500, 507 (3d Cir. 1994)). Additionally, before bringing a § 2241 habeas corpus claim a prisoner must exhaust all internal Bureau of Prisons administrative remedies, and nothing in his motion or the record indicates that Defendant has done so. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Finally, the Court makes no determination as to whether Defendant should have been credited for the time he allegedly served prior to the commencement of his sentence; not only is such a determination outside of the Court's purview on a Rule 36 motion, but also the Court lacks the necessary information to do so. Pursuant to 18 U.S.C. § 3585(b), a defendant shall be credited with time served for any time spent in official detention before the actual commencement of the sentence, if the time was either served "as a result of the offense for which the sentence was imposed" or served "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," but only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, in the instant matter, Defendant would be eligible for credit if he served time prior to sentencing that was not credited toward either his state or federal sentence. There is nothing in the record to indicate whether Defendant has received credit for that time.[6] Such information is in the possession of the Bureau of Prisons, which is tasked with making

---

[6]

Defendant avers that "on 6-14-2001, the Federal Marshal arrested Petitioner and placed him in federal custody," and a notation from the Magistrate Judge at his arraignment on June 28, 2010 indicates that Defendant was "[i]n federal custody. Said custody having commenced on 6-8-01." (Docket Nos. 90, 28). However, whether this time was credited to either of his sentences, and when he was returned to state custody is not a part of the record before the Court.

6

the determination.  If Defendant is dissatisfied with that determination, he must address the Bureau

of Prisons through its administrative remedies and then through a habeas corpus motion under 28

U.S.C. § 2241 in the district where he is serving his sentence.

Accordingly, Defendant's Motion to Correct Judgment [90] is DENIED.


*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


Dated: May 5, 2010.


cc/ecf:  All counsel of record

Arthur Murray 65637-061#
FCI Terre Haute
Federal Correctional Institution
P.O.Box 33
Terre Haute, IN 47801